GEORGE P. VAN WYCK, APPELLANT, *v.* CHARLES H. VAN WYCK AND OTHERS, RESPONDENTS.

*Non-resident executor—when he does not have "his usual place of business within this State"—chapter 657 of 1873.*

The defendant resides upon a large farm, owned by him, in Nebraska, and is one of the Senators of that State; he employs an overseer upon the farm, and is absent therefrom a considerable portion of the year, spending the period of such absences at Middletown, in this State, where he lived before going West. He has no place of business at Middletown, but has a desk in the office of his attorney, and one containing papers at the hotel there, and is a director of a National Bank at that place. His visits to Middletown are periodical and irregular; and to go from his farm in Nebraska to that place requires about three days.

*Held,* that the defendant did not have "his usual place of business within" this State," within the meaning of chapter 657 of 1873, authorizing letters-testamentary to be issued to a non-resident executor, without requiring security to be given by him, if he has his usual place of business within this State.

APPEAL from an order of the Surrogate of Orange county, issuing letters testamentary on the will of Elizabeth Van Wyck, deceased, to her son, Charles H. Van Wyck, the executor named in the will, without requiring him to give a bond, he being a resident of the State of Nebraska.

The will contains the following provisions :

"Lastly : I hereby nominate and appoint my son, Charles H. Van Wyck, sole executor of this, my last will and testament, and I hereby exonerate him from giving or being required to give any bond or security as such executor, for or on account of non-residence or any other reason or cause whatever, any law or statute to the contrary notwithstanding."

The proof showed that the executor formerly resided at Middletown, Orange county, New York, but changed his residence to Nebraska about five years ago. The surrogate held that he had his usual place of business within this State, as that term was used in chapter 657 of 1873, providing that " if any person applying for letters testamentary be a non-resident of the State such letters shall

not be granted until the applicant shall give a bond ; provided, however, that such non-resident may receive such letters without bonds if the testator, by words in his last testament, has requested that his executor be allowed to act without giving bonds, and if such executor has his usual place of business within this State."

. *Herrick & Losey,* for the appellant.

*John G. Wilkin,* for the respondent, Charles H. Van Wyck.

*O. D. M. Baker,* guardian *ad litem* for infant respondents.

Barnard, P. J. :

Under the provisions of the Revised Statutes non-resident executors were bound in all cases to give security such as in cases of intestacy was required from administrators. (2 R. S., 70.) In 1873 the Legislature amended the Revised Statutes so that in cases where the testator required, in the will itself, that no security should be required, letters should issue to his executor without it, " if such executor has his usual place of business within this State."

The will in the present case contains a full request that the executor be permitted to act without security, and the only question is whether the executor has his usual place of business within the State. The facts are entirely undisputed. The executor named in the will, Charles H. Van Wyck, is a resident of Nebraska, and holds the office of State Senator there. He owns a very large farm there, upon which he resides. He has an overseer, and is absent a considerable portion of each year therefrom; most of this period of absence is spent in Middletown, in this State. The executor resided at Middletown before he moved west, and is still a director in the National Bank there. It does not appear what the business of the executor in this State was before he went west. He has not now any place of business here, except as he uses a desk in his attorney's office while here, and except that he has a desk containing papers in the hotel at Middletown. He has a large amount of real and personal property in this State. It takes nearly three days to go to Middletown from his home in Nebraska. His visits are periodical and without any regularity, beyond being two or three times a year " whenever business required."

With great hesitation I think the executor has not "his usual place of business in this State." He has no business beyond the management of his own property here; has no stated place of business. He is not usually at any point within the State for the purpose of doing business, but only occasionally and irregularly. He lives some three days' travel from this State. The statute was designed to meet cases very different from this one. There are very many persons who live in an adjoining State, but who usually and habitually are pursuing their daily business within the State, who pass their business hours in New York, and who have a formal residence out of it. It seems to me that the statute intended to reach such cases only.

Judgment reversed, with costs to appellant out of the estate.

DYKMAN, J., concurred.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Decree of surrogate reversed, with costs to appellant and guardian *ad litem* out of the estate, and proceedings remitted to surrogate to require security from the executor.